Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed by the appellants in the probate court of Yazoo county, stating that they are distributees of the estate of Moultree Martin, deceased; that William Phillips and Susan Martin administered on the same ; that Phillips afterwards surrendered the trust, and was discharged by the court, and that thenceforward Susan Martin was sole administratrix, until her marriage with the defendant, David Barber. That they have removed themselves, and all the property of the decedent out of the state. That the said Phillips, Alexander H. Murphy and Andrew Gibbs, are her sureties in the administration-bond ; prays that said Barber and wife may be made parties by publication ; that they be compelled to account, and the amount due to complainants decreed to them, that the bond may be declared forfeited and put in suit for their benefit.
Phillips appeared and filed a separate plea to the bill, alleging in substance that the present complainants, together with others, formerly filed a bill in the same court, for the same matter, and to the same effect, against the defendant Phillips, and that upon full and final hearing the same was dismissed by the court. This plea was sustained by the court, and the bill dismissed as to Phillips, but retained as to the other parties, and the bond directed to be put in suit as against them.
The proceeding, which is thus pleaded in bar of the present bill, is made a part of this record. It is against Phillips .as administrator, and seems to require, though it is not very easy to determine what it does require, that he should be compelled to settle his account as administrator, and that for any balance which might be due from him, a decree should be rendered, and that the bond for the administration should be declared forfeited, and directed to be put in suit. On the hearing, it appeared that the estate was in debt to Phillips, and the bill was therefore dismissed.
*432 It is very manifest that Phillips is now before the court in a different attitude and capacity from that in which he appeared on the former occasion. Then he was a party as administrator in a course of proceeding entirely legitimate; now he is brought before the court as a surety in an administration-bond, for what purpose we are not given to understand. It is certainly the law, that a suit'upon the bond cannot be maintained in the probate court. Green v. Tunstall, 5 How. 638. Why he and the other sureties were made parties to the bill we do not know, for no decree can be rendered against them. The remedy upon the bond is at law. The application to have the bond declared forfeited, and for leave to put it in suit, is intended by the statute to be ex parte in its character, and the sureties have no right to contest their liability in that stage of the proceeding. It is a mere preliminary step, with which they have no right to interfere. The instances are few in which the leave should be refused.
The plea of Phillips was improperly sustained, and the order of the court must therefore be reversed.
The decree goes on to direct, that as to all the parties except Phillips the bill should be retained; that the clerk take an account of the transactions of the administrators, and that the bond be declared forfeited and put in suit. There was no order of the court taking the bill for confessed, nor was there any appearance as to the other parties. The bill seems intended to make a regular plenary proceeding by bill; it was therefore premature to enter a decree without taking the bill for confessed. H. & H. 472.
It may be doubted whether the probate court, in a case like this, is authorized to proceed by publication. The question may be asked, too, if the bill be not liable to demurrer for multiplicity of parties. On these points we give no opinion.
The decree of the court will be reversed, the plea of Phillips disallowed, and the cause remanded to stand as it did before the plea was filed.
Decree reversed.